FILED

NOV 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAO AVELINO MENESES PEDRO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 06-70016<br>06-72567<br><br>Agency No. A036-066-382<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

In these consolidated petitions for review, Joao Avelino Meneses Pedro, a

native and citizen of Portugal, petitions for review of the the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's

removal order and denying his motion to reopen to apply for adjustment of status.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, *Kahn v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

Pedro does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code section 288(a).

The BIA determined that Pedro is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Pedro's due process retroactivity and equal protection challenges to this determination are unavailing. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207, 1208 n.7 (9th Cir. 2009) (en banc).

The BIA did not abuse its discretion in denying Pedro's motion to reopen to apply for adjustment of status where he failed to demonstrate prima facie eligibility for the requested relief. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003).

**PETITIONS FOR REVIEW DENIED.**